Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
MISSOULA, MT 59807
406-721-1435
tim@bechtoldlaw.net

    Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| **GALLATIN YELLOWSTONE WILDERNESS ALLIANCE,**<br><br>    Plaintiff,<br><br>*vs.*<br><br>**UNITED STATES FOREST SERVICE,**<br><br>    Defendant. | Cause No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>  Freedom of Information Act |

    Plaintiff, Gallatin Yellowstone Wilderness Alliance ("GYWA" or "Plaintiff"), alleges as follows:

## INTRODUCTION

1.    This action is premised upon, and consequent to, violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et. seq.* It challenges the unlawful failure of Defendant United States Forest Service ("Forest Service," "Defendant,"

or "Agency"), to abide by the statutory requirements of the FOIA.

2.     Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which Plaintiff is entitled and for which no valid disclosure exemption applies or has been asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by FOIA by: (**1**) failing to provide a final determination resolving Plaintiff's FOIA Request within the time required by law; and (**2**) failing to provide Plaintiff non-exempt responsive records in response to Plaintiff's FOIA request, including reasonably segregable, non-exempt portions of responsive records.

3.     Plaintiff seeks declaratory relief establishing that Defendant has violated the FOIA. Plaintiff also seeks injunctive relief directing Defendant to promptly provide Plaintiff with the requested material. Finally, Plaintiff seeks an Order from the Court directing Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4.     This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this District. Plaintiff resides and has its

principal place of business in the District of Montana.

6. This case is properly brought in the District of Montana, Butte Division. GYWA board member Adam Bronstein resides and has his office in Bozeman, Gallatin County, Montana. Mr. Bronstein submitted the FOIA Request at the heart of this dispute on behalf of GYWA, and will continue to play a major role obtaining, reviewing, and releasing information obtained from responsive records to shed light on ongoing government action. GYWA conducts regular business activity in Bozeman, and all year-end financial information is processed in Bozeman, as reflected on GYWA's annual reports to the State.

7. Declaratory relief is appropriate under 28 U.S.C. § 2201.

8. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

9. Attorneys' fees and costs may be awarded by the Court to a substantially prevailing plaintiff pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10. Plaintiff Gallatin Yellowstone Wilderness Alliance ("GYWA") is a non-profit grassroots wilderness organization based in Bozeman, Montana. GYWA formed in early 2019, and is dedicated to protecting and preserving undeveloped public lands on the Custer Gallatin National Forest. GYWA members actively participate in agency decision-making concerning wilderness-eligible public lands

throughout the Forest. GYWA board members and supporters frequently visit the Hyalite Porcupine Buffalo Horn Wilderness Study Area (WSA) and surrounding wildlands and have an interest in their current and future management. As a GYWA board member, Mr. Bronstein regularly conducts business with and for GYWA through his Bozeman residence and office.

11.     GYWA, as an organization and on behalf of its members, is concerned with and actively involved with protecting the world-class wildlife habitat and critical landscape of the Custer Gallatin National Forest north of Yellowstone National Park, which links the Greater Yellowstone Ecosystem to other large ecosystems to the north, creating connectivity crucial to the preservation of both the region's and the Earth's threatened biodiversity. GYWA actively seeks to educate and inform the public about the natural wonders of the roadless lands of the Custer Gallatin National Forest, as well as management decisions affecting these resources and the dangers of carving up the landscape. As the only organization advocating for all roadless lands to be designated as Wilderness in the Custer Gallatin National Forest, GYWA is an important hub of information for both its supporters and the general public who have an interest in the health and management of our public lands. GYWA aims to respectfully open up conversation to enable and empower its members and the general public to advocate for the long-term protection of these vital wildlands.

12. Defendant Forest Service is division of the U.S. Department of Agriculture, which itself is an agency of the executive branch of the United States government. The Forest Service is tasked with managing 193 million acres of federal public lands. The mission of the Forest Service is to sustain the health, diversity, and productivity of the nation's forests and grasslands to meet the needs of present and future generations. Forest Service national headquarters are located at 1400 Independence Ave. SW, Washington, D.C. 20250.

13. The Forest Service is an "agency" as defined by 5 U.S.C. § 552(f)(1) and is therefore subject to the provisions of FOIA.

## STATEMENT OF OPERATIVE FACTS

14. The FOIA requires U.S. government agencies to promptly make public records available to any person if that person makes a request that (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

15. The FOIA requires an agency to issue a final determination on any such information request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

16. On February 14, 2022, Mr. Bronstein, in his capacity as a GYWA board member, electronically submitted a FOIA Request (the "FOIA Request") to the Northern Region (R1) of the Forest Service via its publicly acknowledged FOIA e-

mail address, "sm.fs.r1foia@usda.gov." A true and correct copy of the FOIA request is attached as Exhibit 1.

17. The FOIA Request sought the disclosure of records from the Forest Service concerning the area now designated as the Hyalite Porcupine Buffalo Horn Wilderness Study Area. The FOIA Request specifically sought reports, studies, datasets, memoranda, written notes, phone call records, letters, faxes, photos, field trip reports, and emails concerning (1) the use and authorization of use of motorized and mechanical recreation, as well as (2) impacts to wildlife populations from motorized and mechanized recreation in the area before the passage of the Montana Wilderness Study Act of 1977 to present.

18. On March 8, 2022, Mr. Bronstein sent a second e-mail to the Forest Service requesting confirmation that the Agency received his organization's "FOIA request dated February 14th, 2022," and offered any clarifications, as needed. A true and correct copy of Mr. Bronstein's second email is attached as Exhibit 2.

19. On April 19, 2022, Mr. Bronstein sent a third e-mail to the Agency, repeating the topic of his FOIA Request and reminding the Agency that it is "required by law to respond or make a determination on [his] FOIA [Request] within 20 days." Mr. Bronstein asked the Agency to provide him "an estimated completion date" and whether the Agency was "planning to withhold any records." If so, Mr. Bronstein asked the Agency to "send [him] a formal letter with [his]

appeal rights so [that he could administratively] appeal any wrongful withholdings." A true and correct copy of Mr. Bronstein's third email is attached as Exhibit 3.

20. As of the date of this Complaint, GYWA has received no written communications from Defendant.

21. As of the date of this Complaint, GYWA has received no records responsive to its FOIA Request.

22. As of the date of this Complaint, GYWA has not been informed whether the Forest Service will comply with the FOIA Request or the reasons for not complying, whether the Forest Service will withhold records under a FOIA exemption, or whether GYWA has any administrative appeal rights concerning an adverse determination.

23. To date, no "determination" has been provided to GYWA concerning its FOIA Request to the Forest Service, as that term is used in 5 U.S.C. § 552(a)(6)(A)(ii).

24. GYWA has constructively exhausted all administrative remedies required by FOIA. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

25. GYWA has been required to expend costs and to obtain the services of a law firm to prosecute this action.

## CAUSES OF ACTION

### COUNT 1

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DETERMINATION DEADLINE VIOLATION

26. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

27. GYWA has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with the FOIA. Plaintiff's rights in this regard are violated by the Forest Service's unlawful delay in informing GYWA of its final determination as to the FOIA Request beyond the 20-day statutory deadline and any extensions. 5 U.S.C. § 552(a)(6)(A)(i).

28. To date, GYWA has not received a communication from the Forest Service about whether the Agency will comply with the FOIA Request, the Forest Service's reasons for making that decision, or any right of GYWA to administratively appeal that decision.

29. The Forest Service has not invoked any extensions to the FOIA Request's 20-day determination deadline.

30. Based on the nature of Plaintiff's organizational activities, Plaintiff will continue to submit FOIA requests to the Forest Service for the foreseeable future. Plaintiff will continue to rely upon release of records sought in FOIA requests to

shed light on government activities. Plaintiff's statutory rights will be adversely affected if the Forest Service is allowed to continue violating FOIA's response deadlines.

31. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to receive public records under the FOIA.

32. The Forest Service's failure to make a final determination on GYWA's FOIA Request within the statutory timeframe has prejudiced Plaintiff's ability to timely obtain public records.

## COUNT 2

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

33. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

34. GYWA has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA. Plaintiff's rights in this regard are violated by the Forest Service's failure to promptly provide public, non-exempt records to GYWA in response to the FOIA Request. 5 U.S.C. § 552(a)(3).

35. The Forest Service is unlawfully withholding public disclosure of information sought by GYWA, information to which GYWA is entitled and for

which no valid disclosure exemption applies. The Forest Service is also unlawfully withholding reasonably segregable, non-exempt portions of responsive records.

36.     Based on the nature of GYWA's organizational activities, it will undoubtedly continue to submit FOIA requests to the Forest Service for the foreseeable future.

37.     GYWA's organizational activities to shed light on government activities will be adversely affected if the Forest Service is allowed to continue violating FOIA's disclosure mandates.

38.     Unless enjoined and made subject to a declaration of GYWA's legal rights by this Court, the Forest Service will continue to violate the rights of GYWA to receive public records under the FOIA.

## REQUEST FOR RELIEF

WHEREFORE, GYWA requests that this Court:

1.      Declare the Forest Service's failure to disclose the records requested by Plaintiff in the FOIA Request to be unlawful under the FOIA, 5 U.S.C. § 552(a)(3).

2.      Order the Forest Service to promptly provide GYWA with the non-exempt records sought in its FOIA Request.

3.      Declare the Forest Service's failure to make a timely final determination on Plaintiff's FOIA Request to be unlawful under the FOIA,

5 U.S.C. §§ 552(a)(6)(A)(i), (ii).

4. Award GYWA its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

5. Grant such other and further relief as the Court may deem just and proper.

Dated this 19th Day of June, 2022.

/s/ Timothy M. Bechtold

Attorney for Plaintiff